[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-1853 

JAMES MACFARLANE,

Plaintiff, Appellant,

v.

EDGAR D. MCKEAN, III, ESQUIRE, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, Senior U.S. District Judge] 



Before

Selya, Boudin and Stahl,
Circuit Judges. 



James MacFarlane on brief pro se. 
Jeffrey H. Karlin, Jennifer L. Murphy, and Wadleigh, Starr, 
Peters, Dunn & Chiesa on brief for appellee. 



August 19, 1997


Per Curiam. James MacFarlane appeals from the 

district court's grant of the motion by appellees, Edgar D.

McKean, III, Esq., Julia M. Nye, Esq. and the law firm of

McKean, Mattson and Latici, P.A., for judgment as a matter of

law under Fed. R. Civ. P. 50(a). We agree with the district

court that appellant failed to introduce evidence from which

a reasonable jury could find causation in this legal

malpractice case. We also find no abuse of discretion in the

district court's exclusion of one of appellant's expert

witnesses. Finally, we decline appellant's request to vacate

a sanction imposed jointly on him and his attorney pursuant

to Fed. R. Civ. P. 11.

1. Rule 50(a) Dismissal  

We have carefully reviewed the evidence and the

inferences reasonably to be drawn therefrom in the light most

favorable to MacFarlane. See Gibson v. City of Cranston, 37 

F.3d 731, 735 (1st Cir. 1994). As the governing standard

requires, we have not considered the credibility of

witnesses, resolved conflicts in testimony, or evaluated the

weight of evidence. See id. Applying plenary review to the 

district court's judgment, we conclude that the evidence of

causation "is such that reasonable minds could not differ as

to the outcome." Rolon-Alvorado v. Municipality of San Juan, 

1 F.3d 74, 77 (1st Cir. 1993).

No reasonable jury could have found that, but for the

breaches of duty identified by MacFarlane's expert,

MacFarlane should have obtained a more favorable result in

his divorce trial. Specifically, in the absence of evidence

-3-

regarding the contents of the mortgage application, Beryl

Rich's financial circumstances or her own representation of

those circumstances, the jury would have been required to

speculate as to the probable result if the alleged errors at

the trial and appellate level had not occurred. "Speculation

about what might have occurred fails to create a jury

question as to the alleged damage sustained by plaintiff."

Tanner v. Caplin & Drysdale, 24 F.3d 874, 878 (6th Cir. 

1994).

B. Exclusion of Expert Witness 

"[T]he court has broad discretionary powers in

determining whether or not the proposed expert is qualified

by 'knowledge, skill, experience, training or education.'

Fed. R. Evil. 702." Bogosian v. Mercedes-Benz of North 

America, Inc., 104 F.3d 472, 476 (1st Cir. 1997). The trial 

court did not abuse that discretion in excluding Roberta

Harding, Esq., as an expert witness.

C. Award of Attorneys' Fees 

In accordance with this court's order of March 18, 1997,

that part of MacFarlane's appeal that seeks to vacate the

sanction award is dismissed. 

The judgment of the district court, granting

defendants' motion for judgment as a matter of law, is

affirmed. 

-4-